FILED
SUPERIOR COURT
OF GUAM

2024 NOV -7 PM 5: 03

CLERK OF COURT

·BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| FRANCIS GILL AND CYFRED LTD., | **CIVIL CASE NO. <u>CV0736-18</u>** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER GRANTING MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| WAYSON W.S. WONG, AND DOES ONE (1) through NINETY (90) inclusive, | |
| Defendants. | |

The Court held a bench trial in this matter on March 18, and August 5 and 6, 2024. Upon conclusion of the parties' case-in-chief, Defendant Wayson Wong moved for judgment as a matter of law pursuant to Guam Rule of Civil Procedure 52(c) as to the abuse of process and malicious prosecution claims. Based on the evidence presented at both the bench trial and jury trial, the Court grants judgment on partial findings as the facts and circumstances presented cannot satisfy Plaintiffs Francis Gill and Cyfred, Ltd.'s claims for malicious prosecution and abuse of process.

## I.   PROCEDURAL BACKGROUND AND FINDINGS OF FACT

Gill and Cyfred allege that in filing *United Pac. Islanders Corp. v. Gill et al.*, CV0934-15, and *United Pac. Islanders Corp. v. Gill et al.*, CV0073-16, Wong committed fraud, abuse of process, and malicious prosecution. More specifically, they allege that Wong knew that he did not have the authority from his deceased clients to prosecute suits and appeals against Plaintiffs on their behalf and on behalf of their estates, and had no fee agreement with their estates to do so. *See* Compl. ¶¶ 25, 29 (July 26, 2018).


ORIGINAL

Upon review of the evidence in this case, which includes that presented during the jury trial in CV0425-18 from April 29 until May 10, 2024, the Court makes the following findings:

1. On behalf of his clients, Wong filed CV0934-15 and then CV0073-16 against Gill, Cyfred, and Stephanie Mendiola.[1]

2. CV0934-15 was dismissed without prejudice due to improper service. *United Pac. Islanders Corp. v. Gill et al.*, CV0934-15 (Dec. & Order at 4 (Jan. 27, 2016)). Gill and Cyfred subsequently filed a Motion for Attorney's Fees and Costs, which the court denied. *United Pac. Islanders Corp. v. Gill et al.*, CV0934-15 (Dec. & Order at 1 (Apr. 18, 2017)).

3. CV0073-16 was dismissed for failure to join indispensable parties. *United Pac. Islanders Corp. v. Gill et al.*, CV0073-16 (Dec. & Order at 12 (Nov. 30, 2016)). Cyfred and Gill filed a Bill of Costs after the dismissal, which the Clerk of Court reviewed and granted. *United Pac. Islanders Corp. v. Gill et al.*, CV0073-16 (Taxation of Costs at 1 (Aug. 20, 2018)).

## II. LAW AND DISCUSSION

Guam Rule of Civil Procedure 52(c) provides:

Judgment on Partial Findings. If during a trial without a jury a party has been fully heard on an issue and the court finds against that party on that issue, the court may enter judgment as a mater of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or deferred without a favorable finding on that issue, the court may decline to render any judgment until the close of all evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule.

In considering a Rule 52(c) motion, the "court applies the same standard of proof and weighs the evidence as it would at the conclusion of trial." *EBC, Inc. v. Clark Bldg. Sys., Inc.,*

---

[1] The Court takes judicial notice of all filings in CV0934-15 and CV0073-16.

ORIGINAL

618 F.3d 253, 272 (3d Cir. 2010). Therefore, "the court does not view evidence through a particular lens or draw inferences favorable to either party." *Id.*

## A. Abuse of Process

The elements for an abuse of process claim are "an ulterior purpose" and "a willful act in the use of the process not proper in the regular conduct of the proceeding." *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157, 1168 (1986). Notably, however, abuse of process claims have evolved so that "the mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process claim." *Id.* at 1169; *Goodwind Dev. Corp. v. West Bay Corp.*, CV0028-23, at 9-10 (Super. Ct. Guam Oct. 11, 2023). As explained by the California Supreme Court, the rationale for this qualification on abuse of process claims is "not difficult to ascertain;" it concerns the related cause of action of malicious prosecution. *Oren Royal Oaks Venture,* 42 Cal. 3d at 1169. As discussed in the next section, a malicious prosecution claimant must demonstrate that an action was filed without probable cause. Further, if the mere filing of an action with an improper purpose were sufficient to prove abuse of process, it would negate the lack-of-probable-cause element for a malicious prosecution claim:

> . . . even if an individual could demonstrate that he had reasonable cause to believe that his initial lawsuit had merit when he filed the action, he would still face potential liability under an abuse of process theory. Because the lack-of-probable-cause requirement in the malicious prosecution tort plays a crucial role in protecting the right to seek judicial relief (see Rest.2d Torts, § 675, coms. c-j), we agree with the prior decisions which have concluded that this element may not be circumvented through expansion of the abuse of process tort to encompass the alleged improper filing of a lawsuit.

*Id.* at 1169-70. *See also Bickel v. Mackie,* 447 F. Supp. 1376, 1383 (N.D. Iowa) ("Where the claim is that defendant commenced and prosecuted a suit without probable cause, the proper cause of action is for malicious prosecution.").



Here, the basis for Plaintiffs' abuse of process claim is the filing and maintenance of lawsuits against Defendants without the authority to do so. *See* Pls.' Trial Brief at 3 (Feb. 2, 2024) ("Did Wong maliciously file suits and abuse the process of the court when he filed CV0934-15 [and] CV0073-16 . . . ?"), and 16 ("Filing a suit on behalf of a client without their authorization is actionable as . . . .an abuse of process."). As explained in *Oren Royal Oaks Venture* and other authorities, however, filing lawsuits cannot sustain an abuse of process claim. Therefore, since the basis for the abuse of process claim is the filing and maintenance of lawsuits rather than any separate improper act during the proceedings at issue, Wong is entitled to judgment as a matter of law on this claim.

### B. Malicious Prosecution

A malicious prosecution claim requires a prior action that "(1) was initiated by or at the direction of the defendant and legally terminated in the plaintiff's favor, (2) was brought without probable cause, and (3) was initiated with malice." *Chung v. Blair Construction Co., Ltd.*, 2019 Guam 28 ¶ 16 (citing *Siebel v. Mittlesteadt*, 161 P.3d 527 (Cal. 2007)). For a favorable termination, "the termination of the underlying action must reflect upon the defendant's innocence" going to "the merits of the underlying action." *Maleti v. Wickers*, 82 Cal.App.5th 181, 203-205 (Sept. 9, 2022). If "the dismissal is on technical grounds, for procedural reasons . . . it does not constitute a favorable termination." *Id.*; *see also Citizens of Humanity, LLC v. Ramirez*, 277 Cal. Rptr. 3d 501, 510-12 (Ct. App. 2021) ("a dismissal on technical or procedural, rather than substantive, grounds is not considered favorable for purposes of malicious prosecution").

Dismissals for improper service (as was done in CV0934-15) and failure to join an indispensable party (as was done in CV0073-16) are technical dismissals related to procedure.


ORIGINAL

They do not address the merits of the underlying claims. Although the Clerk of Court granted Cyfred and Gill's costs in CV0073-16, this does not change the fact that the dismissal itself was technical and of no relation to the case's merits. Therefore, the Court finds judgment as a matter of law is proper in favor of Wong on Gill and Cyfred's malicious prosecution claim.

## III.    CONCLUSION AND ORDER

Based on Plaintiffs' failure to meet the elements for their malicious prosecution and abuse of process claims, the Court GRANTS Defendant's Motion for Judgment as a Matter of Law. When issuing a judgment in this case, the Court will render judgment as a matter of law in favor of Wong on the claims of abuse of process and malicious prosecution.

Plaintiffs' fraud claims remain under advisement in connection with CV0425-18. A judgment in this case shall issue after the disposition of that claim.

**SO ORDERED, 7 November 2024.**

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

ORIGINAL